Syeed, J.,
delivered tbe opinion of tbe Court.
This was a petition for a mandamus to compel the corporate authorities of McMinnville to open a street. Tbe first objection taken by defendant is fatal to tbe proceeding. Tbe original petition bad been lost, and tbe plaintiff was permitted to file another, alleged to be tbe same in substance as tbe lost petition. There is no proof that the original petition had ever become a record of tbe Court by being filed with tbe Clerk. It is only a record, proceeding or paper, filed in an action at law or equity, which, if lost or mislaid, may be supplied under tbe provisions of tbe Code, 3907. There must be proof that tbe paper proposed to be supplied bad been filed. In this case there is no such evidence. Tbe affidavit of the petitioner verifies tbe second peti *118 tion as tbe same in substance with tbe .first one, but does not sbow that tbe first was ever filed in court. Tbe affidavit of tbe Clerk states that, after diligent search in his office, tbe petition can not be found. But there is no evidence whatever of tbe filing of tbe original. Without this proof the lost paper could not be supplied. In this view, it is unnecessary to express an opinion upon tbe various assignments of error made by defendant. 1 Swan, 265; 2 Cold., 318.
The judgment is reversed, and tbe petition dismissed.